# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | Civil No. 13-2356 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| JESUS J. NAVARRO CARDENAS, ALFREDO HERNANDEZ, JOHN DOE, and MARY ROE, | |
| Defendants. | |

---

Kalli L. Ostlie and Wendy Oien Sanchez, **SHAPIRO & ZIELKE, LLP**, 12550 West Frontage Road, Suite 200, Burnsville, MN 55337, for plaintiff.

Jesus J. Navarro Cardenas, Alfredo Hernandez, John Doe, and Mary Roe, Defendants.[1]

This case is one of a series of cases involving William B. Butler[2] and arises from

an action brought by Plaintiff, Federal Home Loan Mortgage Corporation ("Freddie

---

[1] Defendants were formerly represented by William, B. Butler, who was suspended from the practice of law before the Eighth Circuit and the Court effective December 26, 2013. (Order, Misc. Case No. 13-49, Jan. 14, 2014, Docket No. 10.) Consequently, the Court ordered Defendants to either have new counsel enter an appearance on their behalf or file a statement with the Court indicating an intent to proceed *pro se* by February 19, 2014. (Order, Jan. 29, 2014, Docket No. 26.) Defendants have not filed a response. However, because the objection currently before the Court was filed before Butler was suspended, the Court will proceed to rule on the objection.

[2] *See, e.g.*, *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254 (8th Cir. 2013); *Jerde v. JPMorgan Chase Bank, N.A.*, 502 F. App'x 616 (8th Cir. 2013) (per curiam); *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027 (8th Cir. 2012), *cert. denied*, 133 S. Ct. 2358 (2013); *Torborg v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-1211, 2014 WL 1303921 (D. Minn. Mar. 31, 2014); *Sigford v. U.S. Bank, N.A.*, Civ. No. 13–2225, 2014 WL 468300 (D. Minn. Feb. 6, 2014);

(Footnote continued on next page.)

Mac") against Defendants Jesus J. Navarro Cardenas, Alfredo Hernandez, and John and Mary Roe (collectively, "Defendants"), seeking to evict Defendants from a property that Defendants had mortgaged but which Freddie Mac claims it now owns as a result of foreclosure.  Defendants bring counterclaims challenging the eviction on the grounds that the underlying foreclosure on the mortgaged property was invalid.  Before the Court are Defendants' objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Jeffrey J. Keyes, in which the Magistrate Judge recommended that the Court abstain from exercising jurisdiction and remand the case to Minnesota state district court.  Because the issues involved can be fairly adjudicated at the state court level, the Court will overrule Defendants' objections, adopt the R&R, abstain from exercising jurisdiction, and remand the case to state court.

## BACKGROUND

Defendants Jesus J. Navarro Cardenas and Alfredo Hernandez acquired an interest in the real property in question ("the Property") via Warranty Deed dated April 11, 2005. (Answer ¶ 15, Sept. 4, 2013, Docket No. 5.)  That same day Defendants executed and delivered a note ("Note") and mortgage to JPMorgan Chase Bank, N.A. ("Chase").  (*Id.* ¶ 16.)  Though not stated explicitly in the complaint, the circumstances described in the complaint indicate that Defendants defaulted on the mortgage at some point before January 2013.  (*See* Notice of Removal, Ex. 1 ("Compl.") ¶ 2, Aug. 28, 2013, Docket

_____

(Footnote continued.)

*Sonsalla v. Mortg. Elec. Registration Sys., Inc.*, Civ. No. 13–659, 2013 WL 4052825 (D. Minn. Aug. 9, 2013).

No. 1 (alleging that the mortgage was foreclosed).)  The mortgage was foreclosed upon and the premises were sold by the Sheriff of Ramsey County at public auction on January 22, 2013.  (*Id*.)

Following the foreclosure and sale of the Property, (Compl., Ex. A at 7)[3] Plaintiff filed an eviction action on August 21, 2013 in Minnesota state district court.  (Compl. at 1).  Defendants removed to federal court on the basis that the Court has original jurisdiction over the matter under 28 U.S.C. § 1345 because Plaintiff is a federal agency under 12 U.S.C. §1452(f).  (Notice of Removal at 2.)  Once removed, Defendants filed an answer and counterclaim, seeking to void Plaintiff's claim to possession, void the foreclosure, and void the assignment of the mortgage.  (*See* Answer ¶¶ 36-49.)

Defendants' counterclaims to the eviction and foreclosure center around the validity of the assignment of the mortgage from Chase to Freddie Mac and Freddie Mac's subsequent foreclosure proceedings.  Defendants allege that the assignment of the mortgage from Chase to Freddie Mac was invalid because Chase did not have the legal authority to assign the mortgage.  (Answer ¶ 33.)  Moreover, they allege that the foreclosure is void because the assignment of the mortgage from Chase to Freddie Mac was not recorded.  (*Id.* ¶ 35.)  In response to the counterclaims, Plaintiff filed a Combined Motion to Dismiss Defendants' Counterclaim and Motion for Summary Judgment.  (Mot. to Dismiss Countercl. and Mot. for Summ. J., Sept. 20, 2013, Docket No. 6.)

The Magistrate Judge issued an R&R recommending that the Court abstain from exercising jurisdiction and remand the action to Minnesota state district court.  (R&R,

---

[3] Unless otherwise noted, all page numbers refer to CMECF pagination.

Dec. 12, 2013, Docket No. 23.)  The Magistrate Judge observed that an eviction action is fundamentally a matter of state law, and the exercise of federal review "'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'"  (*Id.* at 4, 6 (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976).)  The Magistrate Judge also observed that there is no substantial federal interest or right in the proceedings and that federal courts are not as equipped as state courts to adjudicate dispossessory actions.  (*Id.* at 6.)

Defendants object to the R&R's recommendation that the Court abstain from exercising jurisdiction over the action.  They argue that, because the Court has original jurisdiction over all civil actions in which Freddie Mac is a party under 12 U.S.C § 1452(f), the Court cannot abstain from "[c]ongressionally-mandated federal question jurisdiction."  (Objection at 1-3, Dec. 15, 2013, Docket No. 24.)  The Court, however, concludes that abstention is appropriate in this situation, and will remand to Minnesota state court over Defendants' objection.

## ANALYSIS

### I.    STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

## II.    SUA SPONTE ABSTENTION

Federal courts are courts of limited jurisdiction.  *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991).  Therefore, the Court may raise sua sponte issues of subject matter jurisdiction and abstention from exercising jurisdiction, "even if the parties concede the issues."  *Id.* at 523; *see also MCC Mortg. LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939, 942 (D. Minn. 2010) (noting that the court raised the issue of abstention sua sponte in an action involving an eviction proceeding removed to federal court).  Federal courts may decline to exercise jurisdiction in "exceptional circumstances."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (internal quotations omitted).  Abstention involves weighing principles of federalism and comity against the federal interest in retaining jurisdiction.  *See id.* at 716, 728-29; *see also id.* at 733-34 (Scalia, J., concurring).  Furthermore, federal courts exercise discretion to "restrain their authority because of scrupulous regard for the rightful independence of the state [courts]."  *Burford v. Sun Oil Co.*, 319 U.S. 315, 332 (1943) (internal quotations omitted).

Under the *Burford* doctrine,

> [w]here timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (internal quotations omitted).  Based on this doctrine, courts have "often abstain[ed] from hearing eviction matters to avoid completely emasculating the state

structure for dealing with such disputes." *MCC Mortg.*, 685 F. Supp. 2d at 946-47 (alteration and internal quotations omitted). This is because "the landlord-tenant relationship is fundamentally a matter of state law." *Id.* at 946 (internal quotations omitted). The court in *MCC Mortgage* referenced the procedures accompanying eviction proceedings in Minnesota state court and determined that it could abstain from hearing an eviction action on this basis. *See id.* at 947 (ultimately declining to abstain, in part because the defendant had asserted significant counterclaims which could not be considered in a summary eviction proceeding in state court and remanding would therefore result in piecemeal litigation.)

The current action involves issues that are fundamentally state law issues and for which there is an adequate and appropriate forum in the state court system. A post-foreclosure eviction action is a summary proceeding created by Minnesota statute, *see* Minn. Stat. §§ 504B.001 *et seq.*, and enforced by Minnesota state law enforcement personnel, *see* Minn. Stat. § 504B.001, subd. 4; § 504B.365. Unlike the action in *MCC Mortgage*, the counterclaims brought by Defendants could fairly be decided in a state court summary eviction proceeding. *See Fed. Nat'l Mortg. Ass'n v. Guevara*, Civ. No. 13-3603, 2014 WL 300985, at *2 n.1 (D. Minn. Jan. 27, 2014) (R&R observed that *MCC Mortgage* "is factually-distinguishable from this action, which involves a post-foreclosure eviction of a former mortgagor" in recommending that the court abstain and remand). In fact, Defendants' former counsel has previously filed claims similar to the instant counterclaims in state court proceedings. *See, e.g., Brinkman v. Bank of Am., N.A.*, 914 F. Supp. 2d 984, 989-90 & n.6 (D. Minn. 2012) (plaintiffs, represented by

instant Defendants' former counsel, brought claims challenging the validity of foreclosure and defendants' authority to foreclose and objected to federal court's exercise of subject matter jurisdiction over the claims and argued for remand to state court). Moreover, several similar actions that have been remanded to state court in recent months have had identical counterclaims.  *See*, *e.g.*, *Fed. Nat'l Mortg. Ass'n v. Ly Long*, Civ. No. 13-3000, 2014 WL 1383949, at *1 (D. Minn. Apr. 9, 2014) ("The undersigned ultimately agrees with the Magistrate Judge's determination and finds that, despite Defendants' counterclaims, at its core, this case is an eviction action best handled by the appropriate state district court." (footnote omitted)); *Fed. Nat'l Mortg. Ass'n v. Gear-Fleury*, Civ. No. 13-2389, 2014 WL 468202, at *2 (D. Minn. Feb. 6, 2014) (remanding to state court after observing that "Defendants' counterclaims arise from the same facts underlying the eviction claim," and that "[t]he parties may resolve the counterclaims as part of the eviction action, or as a related state court action").

Courts in this district have also repeatedly abstained from and remanded other comparable actions in which the defendants made arguments similar to those Defendants make here, that a federal court may never remand a case in which Congress has given it original jurisdiction.  This argument has been considered and rejected by this Court as it will again be rejected here.  *See*, *e.g.*, *Ly Long*, 2014 WL 1383949 at *1 (concluding that the court had subject matter jurisdiction but nevertheless concluding "that abstention and remand are appropriate"); *Fed. Home Loan Mortg. Corp. v. Fong Xiong*, Civ. No. 13-1333, 2014 WL 1373577, at *1 (D. Minn. Apr. 8, 2014) (same); *Gear-Fleury*, 2014 WL 468202 at *1.

The court concludes that this action, including Defendants' counterclaims; can be fairly adjudicated in state court and is therefore best resolved in a state court action. The Court will therefore adopt the R&R, abstain from exercising jurisdiction, and remand the action to state district court.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Defendants' objections [Docket No. 24] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated December 12, 2013 [Docket No. 23]. Accordingly, **IT IS HEREBY ORDERED** that:

1.      This matter and all counterclaims are **REMANDED** to the State of Minnesota District Court,  Second Judicial District, Ramsey County.

2.      Plaintiff's motion to dismiss Defendants' counterclaims [Docket No. 6] is **DENIED as moot**.

3.      The Clerk of the Court is **DIRECTED** to mail a copy of this Order to Defendants at 1855 Kenwood Drive East, Maplewood, MN 55117[4] and to the Second Judicial District of the State of Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 16, 2014                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                                      United States District Judge

---

[4] There is no address listed for Defendants on the docket, but the original complaint states that the premises subject to the eviction proceeding are located at this address.  (Compl. ¶ 1.)